54 F.3d 773
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jedidah Caroline NGAINE, Petitioner,
v.
U.S. IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-2030.
 United States Court of Appeals, Fourth Circuit.
 Argued April 3, 1995.
Decided May 22, 1995.
 
 ARGUED: Dawn Patricia Trainor-Fogleman, Wheaton, Maryland, for Petitioner. Keisha Dawn Bell, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent. ON BRIEF: Frank W. Hunger, Assistant Attorney General, Robert Kendall, Jr., Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, DC, for Respondent.
 Before POWELL, Associate Justice (Retired), United States Supreme Court, sitting by designation, ERVIN, Chief Judge, and WILKINSON, Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner Jedidah Caroline Ngaine seeks review of a final order of the Board of Immigration Appeals ("BIA" or "the Board") directing her deportation based on its determination that a sentence of "probation prior to judgment" entered by a Maryland court amounted to a "conviction" for purposes of federal immigration law. Because we agree that Ngaine was "convicted" in state court of a narcotics offense, we affirm.
 
 I.
 
 2
 Petitioner is a native and citizen of Kenya. She originally entered the United States as an A-2 dependent family member of a foreign government official in 1978. Ngaine's mother, an employee of the Embassy of Kenya, is a permanent resident.
 
 
 3
 On July 27, 1989, Ngaine pleaded guilty in the Circuit Court for Montgomery County, Maryland, to one count of attempted possession of cocaine. At sentencing, the state court stayed judgment in the case conditioned upon her successful completion of probation. See Md.Code Ann. Art. 27, Sec. 641 (the "probation prior to judgment" provision). Specifically, the court sentenced Ngaine to eighteen months supervised probation and ordered her to perform 100 hours of community service during the probationary period. The Maryland Division of Parole and Probation terminated her probation after 12 months of good behavior.
 
 
 4
 In early July 1990, the Immigration and Naturalization Service ("INS") initiated deportation proceedings against Ngaine by issuing an Order to Show Cause, which charged petitioner with being deportable from the United States under Sec. 241(a)(2) of the Immigration and Nationality Act ("INA"), 8 U.S.C. Sec. 1251(a)(2), and Sec. 241(a)(11) of the INA, 8 U.S.C. Sec. 1251(a)(11).[1] Section 241(a)(11) (now Sec. 241(a)(2)(B)(i)), the statute at issue in this appeal, declares that "[a]ny alien who at any time after entry has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State ... relating to a controlled substance ... is deportable."
 
 
 5
 Ngaine admitted all but one of the factual allegations contained in the Order but denied both the allegation that she had been convicted of a controlled substance offense and the charge of deportability under Sec. 241(a)(11). She was thereafter granted several continuances so that she could request the Maryland court to vacate her guilty plea. Her attempts at vacatur were of no avail. In response to her motion, however, in January 1991 the Maryland court did modify her probation, striking the community service requirement and closing the probation.
 
 
 6
 In an order dated March 29, 1991, the immigration judge found Ngaine deportable under INA Sec. 241(a)(11) and ordered her deported to Kenya. Ngaine thereafter appealed the immigration judge's ruling to the Board, which affirmed that decision in a final order dated July 28, 1994. Ngaine now seeks review in this court.
 
 II.
 
 7
 At the outset, we note that there can be little disagreement that Ngaine has been "convicted" of a narcotics offense for purposes of Sec. 241(a)(11). In fact, in Yanez-Popp v. I.N.S., 998 F.2d 231 (4th Cir.1993), we addressed the effect of a sentence of "probation prior to judgment" under the identical provision of Maryland law at issue in this case. Id. at 233. Yanez-Popp expressly approved the three-part test established in In re Ozkok, Int. Dec. 3044 (BIA 1988), for determining whether a conviction is sufficiently final for purposes of federal immigration law. Ozkok dictates that, when an adjudication of guilt has been withheld, the following elements establish a conviction for immigration purposes:
 
 
 8
 (1) the alien ... has entered a plea of guilty or nolo contendere ...; and
 
 
 9
 (2) the judge has ordered some form of punishment, penalty, or restraint on the person's liberty to be imposed (including ... probation ... or community service); and
 
 
 10
 (3) a judgment or adjudication of guilt may be entered if the person violates the terms of [her] probation or fails to comply with the requirements of the court's order, without availability of further proceedings regarding the person's guilt or innocence of the original charge.
 
 
 11
 Yanez-Popp, 998 F.2d at 234 (quoting Ozkok, Int. Dec. 3044).
 
 
 12
 Ngaine's sentence, like the sentence imposed on the petitioner in Yanez-Popp, plainly satisfies each prong. Ngaine entered a guilty plea (which the state court did not subsequently vacate) and was sentenced to probation and community service. The state court's later modification of her sentence in no way detracts from the fact that Ngaine was indeed "punished" for her offense. See Yanez-Popp, 998 F.2d at 237. In any event, we note that Ngaine served 43 days in jail prior to her sentencing, a clear "restraint on [her] liberty" as contemplated in Ozkok. Finally, under the terms of the Maryland "probation prior to judgment" statute, the state court had the power to enter a judgment or adjudication of guilt at any time if Ngaine were to violate the terms of her probation. See Md.Code Ann. Art. 27, Sec. 641(a)(4), (b). Ngaine's guilty plea, together with the penalties she received, without question suffice to establish a "conviction" for purposes of Sec. 241(a)(11).
 
 III.
 
 13
 Ngaine contends, however, that the "probation prior to judgment" provision should be considered a counterpart to the Federal First Offender Act ("FFOA"), 18 U.S.C. Sec. 3607. The Attorney General will not deport an alien under Sec. 241(a)(11) if her conviction has been expunged under the FFOA or a state-law counterpart to that Act. See, e.g., In re Deris, Int. Dec. 3102 (BIA 1989). According to Ngaine, Sec. 641 is just such a state-law analog, particularly in light of the fact that no Maryland statute provides for automatic expungement for first-time offenders.[2] Ngaine contends that both the FFOA and the Maryland statute, as applied in her case, aim at first-time narcotics offenders charged with simple possession. Congressional policy toward first-time offenders articulated in the FFOA, she insists, demands that she be treated as if her conviction had been expunged under that provision.
 
 
 14
 We cannot agree. As an initial matter, we note that state law, not the FFOA, determines when a state court conviction is to be expunged. If Congress desires federal, rather than state, law to control for purposes of Sec. 241(a)(11), it is free to say so. In the absence of a clear signal that the FFOA should apply when no state expungement statute exists, however, we decline Ngaine's invitation to expunge her state-court conviction under the FFOA.
 
 
 15
 Nor is the Maryland "probation prior to judgment" statute analogous to the FFOA. In particular, Ngaine's sentence to 18 months probation plainly contravenes the requirements of the FFOA codified at 18 U.S.C. Sec. 3607(a) (terms of probation must not exceed one year). Even more importantly, Sec. 641, unlike the FFOA, nowhere provides for "expungement" of a "conviction" under that section.
 
 
 16
 The Maryland Code does, however, contain a provision entitled "Expungement of Police and Court Records." Md.Code Ann. Art. 27, Sec. 737. This section provides that persons against whom probation on stay of judgment has been entered may file a petition for expungement. Such a petition may be filed, however, only after the later of two time periods: three years from the date of the probation order or the date of discharge from probation. Md.Code Ann. Art. 27, Sec. 737(d). Petitioner objects that application of this statute is not automatic, as would be a first offender statute, but conditions expungement on a showing that the person has not committed any further criminal act and has abided by the terms of her probation. Ngaine's actual dispute is not with the absence of an "automatic" first offender statute, however, but with the time period prescribed by the expungement provision, which prevented her from having her conviction expunged prior to entry of the deportation order. In sum, Ngaine is not entitled to expungement of her conviction under either the FFOA or Sec. 641.
 
 IV.
 
 17
 Lastly, Ngaine insists that enforcement of the Board's deportation order would amount to a denial of her right to equal protection of the laws. In essence, she contends that the absence of a first-offender expungement statute in Maryland suggests that she will be treated differently, for equal protection purposes, based simply on the fortuity that she was convicted of a drug offense in Maryland rather than in a state that has adopted a first-offender expungement statute similar to the FFOA.
 
 
 18
 We doubt that the Equal Protection Clause is offended by disparate results arising from Congressional incorporation of state law. See, e.g., Mathews v. Diaz, 426 U.S. 67, 82-83 (1976) (federal immigration statutes that benefit some aliens but not others are not constitutionally defective unless the distinction is "wholly irrational"). Because Ngaine failed to raise this issue before the Board, however, we decline to reach it for the first time here.
 
 V.
 
 19
 In sum, we find no error in the Board's final order requiring Ngaine's deportation. Accordingly, the order is hereby affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Under Sec. 602 of the Immigration Act of 1990, Pub.L. No. 101-649, 104 Stat. 4978 (Nov. 29, 1990), former Sec. 241(a)(2) is now Sec. 241(a)(1)(B), and former Sec. 241(a)(11) is now Sec. 241(a)(2)(B)(i)
 
 
 [2]
 The Maryland first offender statute was repealed in 1991. See Md.Code Ann. Art. 27, Sec. 292 (repealed by Acts 1990, ch. 410, Sec. 1, effective January 1, 1991)